IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY COLLIER, ) | |
| No. M31061, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-01126-MJR |
| ) | |
| COUNSELOR WILLIAMS, ) | |
| RANDY STEVENSON, and ) | |
| WARDEN STEPHEN DUNCAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Gregory Collier, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the failure of prison officials to carry out an Illinois Department of Corrections' directive that expunged a disciplinary conviction from his record, which should have resulted in the restoration of 90 days of good time credit and a transfer back to a less secure, less punitive prison.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

### Discussion

### The Complaint

According to the complaint, Plaintiff's 2013 disciplinary conviction was expunged by the Department of Corrections on or about August 18, 2014.  Plaintiff then informed Counselor Williams about the expunged charge and restoration of good time credit, and requested a transfer out of Lawrence to a less secure, less punitive facility.   Williams told Plaintiff that he could not be transferred until he had been at Lawrence for a full year.

Plaintiff then wrote to Counselor Williams' supervisor, Clinical Service Supervisor Randy Stevenson, alleging that he was not being afforded due process, and pointing out that he should be able to seek a transfer every six months.  Stevenson did not reply to Plaintiff.

Plaintiff then filed an emergency grievance with Warden Duncan, but the grievance was deemed not to qualify as an emergency.

 In the complaint, filed October 21, 2014, Plaintiff contends that the Defendants Williams, Stevenson and Duncan subjected him to cruel and unusual punishment in violation of the Eighth Amendment; denied him the equal protection of the law in violation of the Fourteenth Amendment; subjected him to emotional distress; acted negligently; and denied him due process in violation of the Fourteenth Amendment.  Plaintiff seeks declaratory judgment and injunctive relief in the form of re-classification to "A" grade, restoration of 90 days of good time credit, and a transfer to a level 3 or 4 prison.

The complaint, which does not happen to include a copy of the Department of Corrections edict expunging Plaintiff's disciplinary conviction, straddles the line between the realm of civil rights covered by Section 1983, and *habeas corpus*, which covers the shortening of a sentence (such as good time credits), or a quantum change in the level of custody.  *See Graham*

*v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).  It is even possible that what Plaintiff is seeking is a remedy in the form of an order of *mandamus* from state court.  *See McTee v. Cowan*, 250 F.3d 506, 508 n. 2 (7th Cir. 2001) (citing 735 ILCS 5/14-102; and *People ex rel. Braver v. Washington*, 724 N.E.2d 68, 70 n. 1 (Ill. App. 1st Dist. 1999)).  In any event, because Plaintiff has elected to proceed pursuant to 42 U.S.C. § 1983, this Court must respect that choice.  *See Bunn v. Conley*, 309 F.3d 1002, 1007-08 (7th Cir. 2002).

**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute,

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit.  *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.,* 182 F.3d 532, 534–535 (7th Cir. 1999) (stating that Section 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under Section 1983).

Although exhaustion of administrative remedies is an affirmative defense and not a pleading requirement, the Supreme Court has recognized that a plaintiff can still plead himself out of court on such a basis, as with any affirmative defense, such as a statute of limitations.  *Jones v. Bock,* 549 U.S. 199, 211–212, 215 (2007); *see also Kalinowski v. Bond,* 358 F.3d 978, 978 (7th Cir. 2004).  For the following reasons, the complaint must be dismissed because Plaintiff did not exhaust available administrative remedies.

The complaint unequivocally indicates that Plaintiff did not exhaust administrative remedies relative to his allegations that his constitutional rights have been violated because the Illinois Department of Corrections' directive has not been carried out. All of the allegations of wrongdoing in the complaint occurred *after* Plaintiff's disciplinary conviction was expunged. According to the complaint, Plaintiff only exhausted his administrative remedies in an effort to get his disciplinary conviction expunged; he did not pursue a grievance about his requested restoration of good time credit and transfer through the administrative grievance process (*see* Doc. 1, p. 4).

Insofar as Plaintiff submitted an emergency grievance which was deemed not to qualify as an emergency, he never appealed that decision to the Administrative Review Board, as prescribed under 20 Ill. Adm. Code 504.850. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006). Consequently, this Section 1983 action will be dismissed without prejudice. The Court offers no opinion regarding the merits of the claims or the proper avenue Plaintiff should follow to secure the restoration of his good time credits and transfer.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED without prejudice** due to Plaintiff's failure to exhaust administrative remedies. Judgment shall enter accordingly, and the case shall be closed. This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

A separate order assessing the filing fee shall be entered, once the deadline for Plaintiff to seek leave to proceed *in forma pauperis* has passed.  If Plaintiff is not granted leave to proceed as a pauper, he will be libel for the full $400 filing fee (rather than the reduced $350 fee for paupers). Regardless of the fact that the complaint has been dismissed and the case closed, the filing fee is still owed to the Clerk of Court.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  November 14, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**